UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

CLARENCE JONES,

                                                    Plaintiff,

          -against-

CITY OF NEW YORK, POLICE OFFICER ANDREW
BURKE (Shield # 8272), POLICE OFFICER MICHAEL
LAGATTOLLA (Shield # 28165), POLICE OFFICERS
JOHN DOE ##1-5,

                                                   Defendants.

**COMPLAINT AND JURY DEMAND**

**Docket No.**

------------------------------------------------------------------------ x

       Plaintiff Clarence Jones, by his attorney Amy E. Robinson, of Stoll, Glickman & Bellina, LLP, for his Complaint alleges as follows:

## PRELIMINARY STATEMENT

    1.    This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §§ 1983 and 1988 for the violation of his civil rights protected by the Fourth and Fourteenth Amendments, in addition to violations of the laws and Constitution of the State of New York.

    2.    The claim arises from a June 6, 2015 incident in which Defendants, acting under color of state law, intentionally and willfully subjected Plaintiff to false arrest and excessive force.

    3.    Plaintiff seeks monetary damages (special, compensatory, and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §§ 1983 and 1988 and the laws and Constitution of the State of New York.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a), and the doctrine of pendent jurisdiction.

6. Venue is laid within the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District.

## PARTIES

7. Plaintiff CLARENCE JONES resides, and at all times here relevant has resided in, Kings County, City and State of New York.

8. The CITY OF NEW YORK ("City") is a municipal corporation organized under the laws of the State of New York.  At all times relevant hereto, Defendant City, acting through the New York Police Department ("NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline, retention, and conduct of all NYPD personnel.  In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obey the laws of the United States and the State of New York.

9. Defendant OFFICERS ANDREW BURKE and MICHAEL LAGATTOLLA were, at all times here relevant, police officers of the NYPD, and as such were acting in the capacities of agents, servants, and employees of the City of New York. On information and belief, at all times relevant hereto, Officers Burke and Lagattolla were involved in the decision to arrest Plaintiff

without probable cause or failed to intervene in the actions of their fellow officers when they observed their fellow officers arresting Plaintiff without probable cause.

10. Defendants JOHN DOE OFFICERS ##1-5 were, at all times here relevant, police officers of the NYPD, and as such were acting in the capacity of agents, servants, and employees of the City of New York. On information and belief, at all times relevant hereto, John Doe Defendants were involved in the decision to arrest Plaintiff without probable cause or failed to intervene in the actions of their fellow officers when they observed their fellow officers arresting Plaintiff without probable cause. John Doe Defendants are sued in their individual capacities.

11. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

12. Within 90 days of the events giving rise to these claims, Plaintiff filed a written Notice of Claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of the Notice, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

13. On June 6, 2015, at approximately 9:15 P.M., Plaintiff Clarence Jones walked to a store in his neighborhood in Brownsville and purchased a few bottles of beer. The bottles remained closed and sealed at all times here relevant.

14. Plaintiff left the store and walked toward his home, located near the corner of Williams Avenue and Dumont Avenue.

15. Mr. Jones was not committing any crimes or breaking any laws.

16. NYPD officers from the 75th Precinct, including Defendant Officers Andrew Burke

and Michael Lagattolla, as well as other officers whose names are unknown to Plaintiff, approached Plaintiff and asked for his identification.

17. Mr. Jones complied by providing his driver's license.

18. Officers Burke and Lagattolla handed Mr. Jones a summons for an Open Container violation. Mr. Jones showed the officers that his beers were closed, sealed, and inside a plastic bag, having never been opened. He asked why he was being issued a summons for an offense he did not commit.

19. The officers did not respond. Instead, Officers Burke and Lagattolla placed Mr. Jones under arrest. The John Doe officers failed to intervene in their colleagues' obviously illegal behavior.

20. As they arrested Plaintiff, Officers Burke and Lagattolla pushed him to the ground aggressively, causing injuries to his knee and chin. The John Doe officers assisted in pushing Plaintiff to the ground.

21. Mr. Jones was taken to the 75th Precinct, and then to Brooklyn Central Booking.

22. Officers Burke and Lagattolla misrepresented to the Kings County District Attorney's Office that Plaintiff had committed the offenses of Harassment in the Second Degree and Resisting Arrest.

23. Officer Lagattolla falsely stated in the Criminal Court Complaint that Mr. Jones pushed the officer, when in fact it was the officer who pushed Mr. Jones.

24. On June 7, 2015, Mr. Jones was arraigned in Kings County Criminal Court. All charges have been dismissed and sealed.

25. After his arraignment, Mr. Jones was treated at Brookdale Urgent Care for the injuries he sustained at the hands of the defendant police officers.

26. On August 5, 2015, and September 23, 2015, Mr. Jones went to court to fight the Open Container summons. The summons has been dismissed and sealed.

27. At all times during the events described above, defendant police officers were engaged in a joint venture and formed an agreement to violate Plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against Plaintiff.

28. During all of the events above described, Defendants acted maliciously and with intent to injure Plaintiff.

## DAMAGES

29. As a direct and proximate result of the acts of Defendants, Plaintiff suffered the following injuries and damages:

   a. Violation of his rights pursuant to the Fourth Amendment of the United States Constitution to be free from an unreasonable search and seizure of their persons;

   b. Violation of his rights pursuant to the Fourteenth Amendment of the United States Constitution to due process;

   c. Violation of his New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

   d. Violation of his New York State Constitutional rights under Article 1, Section 6 to due process;

   e. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety; and

   f. Loss of liberty.

## FIRST CAUSE OF ACTION
### FALSE ARREST
### 42 U.S.C. § 1983

30. The above paragraphs are here incorporated by reference.

31. The Officer Defendants illegally arrested, detained, imprisoned, and falsely charged Plaintiff, and deprived him of his liberty.

32. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion to believe he had committed a crime.

33. At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

34. All of this occurred without any illegal conduct by Plaintiff.

35. All charges against Plaintiff were dismissed and sealed.

36. The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. Said acts by Officer Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly and with the specific intent to deprive Plaintiff of his constitutional rights secured by the United States Constitution.

37. As a direct and proximate result of the misconduct and the abuse of authority detailed above, Plaintiff sustained the damages described above.

## SECOND CAUSE OF ACTION
### USE OF EXCESSIVE FORCE
### 42 U.S.C. § 1983

38. The above paragraphs are here incorporated by reference.

39. By throwing Plaintiff to the ground while they were arresting him, Defendants used excessive force against Plaintiff, and failed to intervene in each other's obviously illegal actions.

40. Defendants' conduct deprived Plaintiff of his right to due process of law, pursuant to the Fourth and Fourteenth Amendment to the United States Constitution. Defendants are liable to Plaintiff under 42 U.S.C. § 1983.

41. Plaintiff has been damaged as a result of Defendants' wrongful acts.

### THIRD CAUSE OF ACTION
### FALSE ARREST & FALSE IMPRISONMENT

42. The above paragraphs are here incorporated by reference.

43. Defendants, their officers, agents, servants and employees, subjected Plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

44. Defendants intended to confine Plaintiff, Plaintiff was conscious of his confinement, and did not consent to his confinement.

45. All charges against Plaintiff were dismissed.

46. As a direct and proximate result of the misconduct and the abuse of authority detailed above, Plaintiff sustained the damages described above.

### FOURTH CAUSE OF ACTION
### ASSAULT & BATTERY

47. The above paragraphs are here incorporated by reference.

48. By seizing, approaching, intimidating, screaming at, questioning, drawing guns upon, and forcibly grabbing and handcuffing Plaintiffs, Defendants made Plaintiffs fear for their physical well-being and safety and placed them in apprehension of immediate harmful and offensive touching.

49. Defendants engaged in and subjected Plaintiffs to immediate harmful and offensive

touching and battered them without their consent.

50. Defendants, their officers, agents, servants and employees, were responsible for Plaintiffs' arrest, detention, and imprisonment during this period of time.

51. As a direct and proximate result of the misconduct and the abuse of authority detailed above, Plaintiffs sustained the damages described above.

## FIFTH CAUSE OF ACTION
RESPONDEAT SUPERIOR

52. The above paragraphs are here incorporated by reference.

53. Defendants' tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

54. As a result of Defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, Plaintiffs were damaged.

WHEREFORE, Plaintiff demands judgment against the defendants, jointly and severally, as follows:

a. In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

b. Awarding Plaintiff punitive damages in an amount to be determined by a jury;

c. Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

d. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:    April 27, 2016
                Brooklyn, New York     Respectfully yours,

                                    STOLL, GLICKMAN & BELLINA, LLP

                                    _____

TO:    City of New York                Amy E. Robinson
        100 Church Street             475 Atlantic Avenue, 3rd Floor
        New York, NY 10007        Brooklyn, NY 11217
                                          (718) 852-3710
        Officer Andrew Burke #8272    (718) 852-3586
        75th Precinct                     arobinson@stollglickman.com
        1000 Sutter Ave                 *Attorneys for Plaintiff*
        Brooklyn, NY 11208

        Officer Michael Lagattolla #28165
        75th Precinct
        1000 Sutter Ave
        Brooklyn, NY 11208